IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEE TERRY,

    Petitioner,                    No. CIV S-06-0244 GEB KJM P

    vs.

MULE CREEK STATE PRISON, et al.,    <u>ORDER AND</u>

    Respondents.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1999 El Dorado County Superior Court convictions. Respondent has filed a motion to dismiss, alleging that the petition was filed beyond the statute of limitations. Petitioner has sought leave to file an amended petition and has asked that the reply to his opposition be stricken because he believes it was not signed.

I. <u>Procedural History</u>

        Petitioner was convicted on June 4, 1999, and sentenced to state prison. Document No. 1 lodged on September 26, 2006 (Doc. 1). The Court of Appeal affirmed his convictions on April 23, 2003, and the California Supreme Court denied review on July 16, 2003. Docs. 2 & 5.

/////

1

1    Petitioner filed a state habeas petition in El Dorado County Superior Court on
2 September 17, 2004.  Doc. 6.  It was denied on October 14, 2004 and a motion for
3 reconsideration was denied on November 23, 2004.  Docs. 7 & 8.
4    Petitioner filed his next state petition on December 10, 2004 in the Court of
5 Appeal, which denied it on December 22, 2004.  Docs. 9 & 10.  This was followed by a state
6 habeas petition in the California Supreme Court, filed January 31, 2005 and denied on December
7 14, 2005.  Docs. 11 & 12.
8    The instant petition is dated January 23, 2006, and was filed by this court on
9 February 6, 2006.

II. The Motion To Dismiss

The AEDPA includes a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

1    A conviction is final for purposes of the AEDPA statute of limitations at the
2 expiration of the ninety day period for seeking certiorari, which in this case was October 15, 2003.
3 Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  The limitations period began to run on
4 October 16, 2003, and would have expired on October 15, 2004, absent any tolling.  Patterson v.
5 Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Fed. R. Civ. P. 6(a) (excluding the day from which
6 the period begins to run from the calculation of the time).
7    The statute of limitations is tolled during the pendency of any "properly filed" state
8 collateral attack on the judgment.  Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).
9 However, an untimely state court application for collateral relief will not provide a basis for
10 tolling under 28 U.S.C. § 2244(d)(2) because such applications are not "properly filed."  Pace v.
11 DiGuglielmo, 544 U.S. 408, 414-15 (2005).  "Under Pace, if a state court denies a petition as
12 untimely, none of the time before or during the court's consideration of that petition is statutorily
13 tolled."  Bonner v. Carey, 425 F.3d 1145,1149 (9th Cir. 2005), as amended on denial of rehearing,
14 439 F.3d 993 (9th Cir. 2006).
15    The El Dorado County Superior Court denied the initial petition by finding it
16 untimely:

> More than five years after his conviction petitioner filed the present
> petition for writ of habeas corpus.  All of the grounds stated in his
> petition occurred no later than the time of trial in 1999.  The Court
> finds that there has been a substantial delay in filing the petition and
> petitioner has failed to show any cause whatever for his delay in
> filing the petition.  The petition is denied as untimely.

21 Doc. 7 at 2.  Because the superior court denied the petition as untimely, it did not toll the running
22 of the statute of limitations, which expired on October 15, 2004.  The petitions filed in the Court
23 of Appeal and the Supreme Court did not revive it.  Vroman v. Brigano, 346 F.3d 598, 601-02
24 (6th Cir. 2003).
25    Petitioner posits several reasons why he is entitled to some form of tolling, whether
26 statutory or equitable.  First, he argues that respondent has the burden of proving that the

1   timeliness bar is consistently applied, with citation to Bennett v. Mueller, 322 F.3d 573 (9th Cir.
2   2003). Opposition (Opp'n) at 5; Letter filed 1/12/07 (Letter) at 1.

3         If a habeas petitioner has failed to comply with state procedures and thus not
4   obtained a ruling on the merits of a claim, a federal court will not consider the claim in a habeas
5   petition if the procedural bar is adequate and independent.  If a petitioner can show cause for the
6   default and prejudice from the error, the court may consider the claim in a habeas petition.
7   Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Untimeliness can be a procedural bar in
8   habeas cases.  See Park v. California, 202 F.3d 1146, 1153 n.4 (9th Cir. 2000).  Respondent bears
9   the ultimate burden of demonstrating the independence and adequacy of a procedural bar.
10  Bennett, 322 F.3d at 586.

11        The congruence between the two doctrines cannot be taken as far as petitioner
12  suggests, however.  Pace held that "[w]hen a postconviction petition is untimely under state law,
13  'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Pace, 544 U.S. at 414.  It did not
14  suggest that a district court should undertake the sort of inquiry pursued in the context of a
15  procedural default.

16        Moreover, in Bonner, the Ninth Circuit considered the application of Pace to a
17  petition that had been denied for a number of reasons, including successive presentation of some
18  claims and timeliness.  425 F.3d at 1145.  Generally, a procedural bar is not "adequate" when it is
19  unclear what claims are subject to the bar.  Calderon v. U.S. Dist. Court for Eastern Dist. of
20  California, 96 F.3d 1126, 1131 (9th Cir. 1996).  In Bonner, however, the Court of Appeals found
21  the finding of untimeliness determinative.  It did not find that the state court's reliance on two
22  different procedural grounds to deny the writ had any impact on the untimeliness finding for the
23  purpose of statute of limitations analysis.  Bonner, 425 F.3d at 1148.

24        Next, petitioner alleges that applying the more stringent standard of Pace to his
25  case will violate the Ex Post Facto Clause of the Constitution and the rule of Teague v. Lane, 489
26  U.S. 288 (1989).  Opp'n at 6-7; Letter at 2.  Teague held "new constitutional rules of criminal

4

procedure will not be applicable to those cases which have become final before the new rules are announced." Id. at 310. Teague may be used by the state, but not by petitioner, as a shield. Moore v. Anderson, 222 F.3d 280, 285 (7th Cir. 2000).

In addition,

> [n]ot every law that work[s] to the disadvantage of a defendant violates the Ex Post Facto Clause. Changes that are merely procedural will withstand scrutiny, as will statutes that leave unaffected [t]he crime for which the [ ] defendant was indicted, the punishment prescribed therefor, and the quantity or the degree of proof necessary to establish his guilt.... A law does not violate the clause if it creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes.

Brown v. Palmateer, 379 F.3d 1089, 1093 (9th Cir. 2004) (internal citations & quotations omitted). The changes in habeas jurisprudence since petitioner's conviction have nothing to do with the crime of which he was convicted, his punishment, or the degree of proof necessary to establish his guilt. There is no constitutional violation.

Third, citing Martinez v. Court of Appeal, 528 U.S. 152, 163 (2000) and In re Barnett, 31 Cal.4th 466, 476-77 (2003), petitioner argues that he could not file a pro se petition during the pendency of his direct appeal. Opp'n at 6; Letter at 2. In Barnett, the California Supreme Court held it would not accept for filing pro se submissions from a capital defendant when counsel has filed a habeas on the defendant's behalf, while in Martinez, the Supreme Court held that a defendant does not have a constitutional right to represent himself on appeal. Petitioner also has submitted a copy of an order from the Yuba County Superior Court in another case, dismissing a habeas petition filed during the pendency of a direct appeal. Opp'n, Ex. E. These cases show, he argues, that the superior court's finding of untimeliness is not justified because he could not file a habeas petition from the time of his conviction in 1999 until the conclusion of his direct appeal in 2003.

/////

/////

In Pace v. DiGuglielmo, the Supreme Court noted:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.

544 U.S. at 413.

In California, unlike many states, there are no fixed guidelines for determining when an initial habeas petition will be deemed timely. However, in California, it is the petitioner's burden to "fully disclose his reasons for delaying in the presentation" of his claims. Ex parte Swain, 34 Cal.2d 300, 304 (1949); see also Bonner, 425 F.3d at 1148. Indeed, the state judicial council form for a habeas petition, the form petitioner used, asks the petitioner "to explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition"; it cites to Swain. Doc. 6 at 6 (question 15 on the printed form). Petitioner left this portion of the form blank. Because petitioner did not demonstrate to the state court that he fit within any exceptions to California's admittedly amorphous timeliness exceptions, the superior court's finding that the writ was untimely is conclusive. This court is bound by the superior court's finding. See Thorson v. Palmer, 479 F.3d 643, 645-46 (9th Cir. 2007) (federal court is bound by finding of untimeliness even if ruling did not specify which of two periods of delay was the basis of its finding).

Fourth, petitioner argues he is entitled to equitable tolling because he suffered from post traumatic stress disorder and insomnia, which interfered with his ability to think clearly and thus to pursue his post-conviction remedies. His initial symptoms did not arise, however, until November 2005, long after the statute of limitations had expired; they cannot support a finding of equitable tolling. Opp'n, Exs. A, B & D.

II. Motion To Amend

In light of the court's finding that the federal petition is not timely, the motion to amend is futile. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

1    III.  <u>Motion To Strike And Request For Copies Of Lodged Mental Health Records</u>

2          Petitioner argues that he received a copy of the reply without a signature and that because the copy is a "true copy," the original must not contain a signature as required by Federal Rule of Civil Procedure 11(a).  The signature on the reply complies with the local rules for an electronically filed document.  L.R. 1-101, 5-135(g).

         Whether or not the mental health records were properly lodged as opposed to filed is not relevant in light of the court's determination that petitioner's mental health has no bearing on the timeliness of the habeas petition.

         IT IS HEREBY ORDERED that:

         1.  Petitioner's motion to file an amended petition is denied; and

         2.  Petitioner's motion to strike the reply and for copies of the lodged documents (docket number 23) is denied.

         IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 21, 2007.

                                     _____
                                     U.S. MAGISTRATE JUDGE

2 terr0244.157