IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEE TERRY,

    Petitioner,        2:06-cv-0244-GEB-KJM-P

  vs.

MULE CREEK STATE PRISON, et al.,

    Respondents.        ORDER

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus. On September 28, 2007, the court granted respondent's motion, dismissed this habeas petition because it was not timely filed, and entered judgment. Thereafter, on December 4, 2007, the court denied a certificate of appealability. The Court of Appeal also denied petitioner's request for a certificate of appealability on July 31, 2008.

        On December 15, 2008, petitioner filed a document he has entitled a "motion for relief from default." In the body of the motion, he argues that "the lower court finding on which the subject habeas denial was based is an inadvertent decision" and cites to the "catch-all" provision of Rule 60(b) of the Federal Rules of Civil Procedure. He argues that his petition was in fact timely and so the "default" of dismissal should therefore be cured.

1   Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment for five reasons listed in the rule or for "any other reason that justifies relief." A motion based on mistake, inadvertence, newly discovered evidence, or fraud must be made no more that one year after the entry of judgment; a motion based on any other reason must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). To the extent that petitioner bases his motion on inadvertence, it is not timely.

Petitioner also relies on what he terms the "catch-all" provision of the rule, presumably subdivision (b)(6). The Ninth Circuit has held that Rule 60(b) may be used to seek reconsideration of legal issues, but the request may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See <u>Liberty Mut. Ins. Co. v. E.E.O.C.</u>, 691 F.2d 438, 441 (9th Cir.1982) (holding that the "law in this circuit is that errors of law are cognizable under Rule 60(b)"); <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (construing Rule 59(e)). The disposition of a motion for reconsideration is within the discretion of the district court. <u>Lolli v. County of Orange</u>, 351 F.3d 410, 411 (9th Cir. 2003).

In support of this motion, petitioner presents arguments he has already made or could have made in opposition to respondent's motion to dismiss. This is an insufficient basis upon which to grant the motion.

Accordingly, IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (docket no. 37) is denied.

Dated: February 17, 2009

GARLAND E. BURRELL, JR.
United States District Judge