IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEE TERRY,

    Petitioner,               No. CIV-S-06-244 GEB KJM P

    vs.

JAMES TILTON, et al.,

    Respondents.            <u>FINDINGS AND RECOMMENDATIONS</u>

         On June 9, 2010, petitioner filed a second motion to vacate the judgment under Rule 60(b) of the Federal Rules of Criminal Procedure. He argues that two cases decided after this case was closed demonstrate he was entitled to equitable tolling, and he was entitled to equitable tolling because of restrictions on access to the law library.

I. <u>Background</u>

         Petitioner was convicted on June 4, 1999, and sentenced to state prison. Document No. 1 lodged on September 26, 2006 (Doc. 1). The Court of Appeal affirmed his convictions on April 23, 2003, and the California Supreme Court denied review on July 16, 2003. Docs. 2 & 5.

/////

1    Petitioner filed a state habeas petition in El Dorado County Superior Court on
2    September 14, 2004.[1] Doc. 6. It was denied on October 14, 2004, as untimely. A motion for
3    reconsideration was denied on November 23, 2004. Docs. 7 & 8.

4    Petitioner filed his next state petition on December 10, 2004, in the Court of
5    Appeal, which denied it on December 22, 2004. Docs. 9 & 10. This was followed by a state
6    habeas petition in the California Supreme Court, filed January 31, 2005, and denied on
7    December 14, 2005. Docs. 11 & 12.

8    The federal petition was dated January 23, 2006, and was filed by this court on
9    February 6, 2006. See Docket No. 1. It raised four issues: the prosecution knowingly used false
10   evidence; the conviction was based on speculative evidence; the evidence on some counts was
11   insufficient; and the prosecution withheld exculpatory information.

12   On September 26, 2006, respondent filed a motion to dismiss on the ground that
13   the petition had been filed outside the statute of limitations. Petitioner opposed the motion,
14   arguing that the Superior Court had improperly rejected his state habeas petition as untimely and
15   that his mental health prevented his filing during the limitations period. Docket Nos. 10 & 18.

16   On August 22, 2007, this court recommended that respondent's motion to dismiss
17   be granted and denied petitioner's request to amend the petition to add additional claims of
18   ineffective assistance of counsel. Docket Nos. 17 & 24.

19   The district court adopted this recommendation on September 28, 2007, and
20   entered judgment. Docket Nos. 26 & 27.

21   Petitioner filed a notice of appeal but the district court and the Court of Appeal
22   each denied his request for the issuance of a certificate of appealability. Docket Nos. 28, 30, 35.
23   /////

---

[1] The court previously identified the filing date of the Superior Court petition as September 17, 2004. However, relying on the prison mailbox rule, the petition was deemed filed the day it was mailed, which appears to be September 14. Houston v. Lack, 487 U.S. 266, 276 (1988).

On December 15, 2008, petitioner filed a motion for relief from judgment, arguing again that the superior court erred in finding his initial state habeas petition to be untimely. Docket No. 37. The court denied this motion because petitioner's arguments had been or could have been made in opposition to the motion to dismiss. Docket No. 38.

Petitioner filed a notice of appeal from this order; once again, the District Court and the Court of Appeals each denied his request for a certificate of appealability. Docket Nos. 39, 41, 55.

Petitioner has now filed a second motion for relief from judgment. The court solicited an opposition from respondent and petitioner has filed a reply.

## II. Triggering Date For The Statute Of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a statute of limitations for filing a federal habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

/////

/////

/////

> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner suggests he is entitled to a later triggering date for the statute of limitations because institutional overcrowding impeded his access to the law library. Without such access, he avers, he could not conduct research, make copies or even find the addresses of the courts. Mot. To Vacate (Docket No. 51) at 1-3. He alleges he has had difficulty getting to the library even now and has been hampered in his ability to secure the necessary cases to support his motion. Id. at 4.[2] He has presented declarations from other inmates, all attesting to the impact of the overcrowding on their ability to use the prison law library. See Reply (Docket No. 62).

As respondent notes, petitioner was certainly aware of the overcrowding at the time he filed his original opposition to the motion to dismiss. Opp'n (Docket No. 58) at 4. His attempt to pursue something he could have presented earlier is not a proper basis for a Rule 60(b) motion. Liberty Mut. Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir.1982).

To show a violation of the constitutional right of access to the courts, and thus to show an impediment, the inmate must show that his reduced access to the library hindered his efforts to pursue habeas relief. Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007). Even accepting the limitations that overcrowding placed on his access, petitioner has not shown that the conditions constituted an impediment: he has not shown or even suggested what he would have been unable to uncover had he had access to the research facilities at the library.

/////

/////

---

[2] Petitioner requests an evidentiary hearing on the overcrowding he says impedes library access, citing Rules 6 and 8 of the Rules Governing Section 2254 Cases. Petitioner is not entitled to a hearing; among other reasons, he has not alleged facts that if proven would entitle him to relief. See, e.g., Earp v. Ornoski, 431 F.3d 1158, 1167 (9th Cir. 2005).

4

III.  Equitable Tolling

Petitioner suggests he is entitled to equitable tolling because of his problems accessing the law library.  Generally, restrictions on library and copier access are not a basis for equitable tolling.  Ramirez v. Yates, 571 F.3d 993, 999 (9th Cir. 2009).

In Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances."  To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, ___ U.S. ___, 130 S.Ct. 244 (2009).  It is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

In the original findings and recommendations, this court relied on Pace v. DiGuglielmo, which held that an untimely state petition is not properly filed and so does not toll the statute of limitations.  Petitioner argues that because Pace changed the law of statutory tolling, he is entitled to equitable tolling.  He relies on two Ninth Circuit cases, each of which found equitable tolling appropriate.

The first is Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008), cert. denied sub nom. Brunson v. Harris, ___ U.S. ___, 129 S.Ct. 397 (2008).  In Harris, the petitioner's second and third state court "personal restraint petitions" were denied as untimely before he turned to federal

court. The Ninth Circuit recognized that at the time petitioner was pursuing state post-conviction relief, circuit law interpreted untimely petitions as "properly filed" so as to toll the running of the statute of limitations.

The Ninth Circuit found Harris was entitled to equitable tolling:

> . . . . Harris diligently pursued his rights. He filed successive petitions for post-conviction relief while ensuring that enough time would remain to file a federal habeas petition under the then-existing *Dictado* rule. The Supreme Court's overruling of the *Dictado* rule made it impossible for Harris to file a timely petition. Harris' petition became time-barred the moment that *Pace* was decided.

Id. at 1055-56 (internal citations omitted).

The second case is Townsend v. Knowles, 562 F.3d 1200 (9th Cir.), cert. denied, ___ U.S. ___, 130 S.Ct. 193 (2009). As in Harris, Townsend's state habeas petition was denied as untimely in the superior court; because the state court of appeals and supreme court denied the subsequent petitions without comment, the Ninth Circuit looked to the superior court's order as defining the procedural posture of the case. Id. at 1205. It then considered whether Townsend, like Harris, was entitled to equitable tolling because of the impact of Pace on circuit authority. Id. The court observed:

> Townsend also diligently pursued his rights in his postconviction habeas petition in the state courts and ensured that he had enough time remaining to file a federal habeas petition under the then-existing *Dictado* rule. . . . Because . . . Townsend's federal habeas petition would have been considered timely pre-*Pace* . . . .we conclude that equitable principles dictate that AEDPA's one-year statute of limitations be tolled here.

Id. at 1206.

In this case, the limitations period began to run on October 16, 2003, and would have expired on October 15, 2004, absent any tolling. Under earlier circuit precedent, petitioner was entitled to statutory tolling beginning with the filing of his first state habeas petition on September 14, 2004, which was day 335 of the limitations period, until December 14, 2005. The statute of limitations began running again on December 15, 2005 and expired thirty days

later on January 14, 2006. Petitioner is not in the same posture as the petitioners in <u>Harris</u> or <u>Townsend</u>: although there was time remaining to file his federal habeas petition under the earlier rule, petitioner did not take advantage of the time but rather allowed the period defined by circuit precedent at the time to lapse before filing his federal habeas petition on January 23, 2006. Because that petition would not have been timely even if <u>Pace</u> had not been decided, petitioner is not entitled to equitable tolling.

IV.  <u>The Adequacy Of The Timeliness Bar</u>

Petitioner argues that the state court's timeliness ruling does not constitute an adequate procedural bar to his claims, an issue he raised in opposition to the motion to dismiss and which was addressed in the earlier recommendation. This second motion to amend the judgment is not a proper place to reargue an issue raised and rejected before.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for relief from judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2010.

_____
U.S. MAGISTRATE JUDGE

2

town0244.60(b)x2